Laura Sixkiller, SBN 022014
laura.sixkiller@dlapiper.com
Kate Benveniste, SBN 027284
kate.benveniste@dlapiper.com
**DLA PIPER LLP (US)**
2525 East Camelback Road, Suite 1000
Phoenix, Arizona  85016
Telephone:  (480) 606-5100
Facsimile:  (480) 606-5101
dlaphx@dlapiper.com

*Attorneys for Defendant*
*MUFG Americas Holdings Corporation*
*d/b/a MUFG Union Bank, NA*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Loomis, | Case No.  CV-18-02575-PHX-JAT |
| Plaintiff, | |
| v. | **ANSWER TO COMPLAINT** |
| MUFG Americas Holdings Corporation *d/b/a* MUFG Union Bank, NA, | |
| Defendant. | |

Defendant MUFG Americas Holdings Corporation d/b/a MUFG Union Bank, N.A. ("Union Bank") answers the Complaint and Demand for Jury Trial, dated August 14, 2018 (Doc. 1) (the "Complaint"), filed by Plaintiff Jennifer Loomis, through her attorneys, as follows.   Unless specifically admitted below, Union Bank denies each and every allegation in the Complaint.

### JURISDICTION AND VENUE

1.      Jurisdiction of the court arises under 28 U.S.C. § 1331.

**ANSWER:**   Union Bank admits the allegations in Paragraph 1 of the Complaint.

2.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

1    **ANSWER:**   Union Bank lacks knowledge or information sufficient to form a

2    belief about the truth of the allegations in Paragraph 2 of the Complaint, and on this basis

3    denies them.

4    3.    Defendant transacts business in the State of Arizona; therefore, personal

5    jurisdiction is established.

6    **ANSWER:**   Union Bank denies the allegations in Paragraph 3 of the Complaint.

7    <u>**PARTIES**</u>

8    4.    Plaintiff is a natural person residing in Chandler, AZ.

9    **ANSWER:**   Union Bank admits that Plaintiff is a natural person.   Union Bank

10   otherwise lacks knowledge or information sufficient to form a belief about the truth of the

11   allegations in Paragraph 4 of the Complaint, and on this basis denies them.

12   5.    Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. § 1681a(c).

13   **ANSWER:**   Union Bank understands that 15 U.S.C. § 1681a(c) defines a

14   "consumer" as an "individual, and on this basis admits the allegations of paragraph 5 of

15   the Complaint.

16   6.    Defendant MUFG is a ("furnisher") under 15 U.S.C. § 1681a(r)(5) with its

17   principal place of business located at 1251 Avenue of the Americas, New York, NY

18   10020-1104.   Defendant may be served at Registered Agent Solutions, Inc. at 1220 S.

19   Street, Suite 150, Sacramento, CA 95811.

20   **ANSWER:**   Union Bank admits that its principal place of business is located at

21   1251 Avenue of the Americas, New York, NY 10020-1104, and that its statutory agent is

22   Registered Agent Solutions, Inc.   Union Bank denies the remaining allegations in

23   Paragraph 6 of the Complaint.

24   7.    Defendant acted through its agents, employees, officers, members, directors,

25   heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and

26   insurers.

27   **ANSWER:**   Union Bank denies the allegations in Paragraph 7 of the Complaint.

28

1

## **FACTUAL ALLEGATIONS**

2       8.      On or about June 28, 1986, Plaintiff married Jeffrey Loomis.

3       **ANSWER:**  Union Bank lacks knowledge or information sufficient to form a
4   belief about the truth of the allegations in Paragraph 8 of the Complaint, and on this basis
5   denies them.

6       9.      On or about March 31, 2000, Plaintiff and Jeffrey Loomis purchased sixty
7   acres of land in Napa, California and built a 5,000 sq. ft residence and wine vineyards
8   located at 65 Longhorn Ridge Rd, Napa, CA 94558.

9       **ANSWER:**  Union Bank lacks knowledge or information sufficient to form a
10  belief about the truth of the allegations in Paragraph 9 of the Complaint, and on this basis
11  denies them.

12      10.     On or about October 12, 2004, Plaintiff and Jeffrey Loomis refinanced that
13  property and obtained a loan for $1,100,000 from Defendant MUFG.

14      **ANSWER:**   Answering Paragraph 10 of the Complaint, Union Bank admits that it
15  made a loan to Jennifer L. Loomis and Jeffrey D. Loomis in the original principal amount
16  of $1,100,000, but denies that the loan was made on October 12, 2004.

17      11.     In or around September 2013, Plaintiff permanently moved out of the Napa
18  property.

19      **ANSWER:**  Union Bank lacks knowledge or information sufficient to form a
20  belief about the truth of the allegations in Paragraph 11 of the Complaint, and on this basis
21  denies them.

22      12.     On or about November 22, 2013, Jeffrey Loomis filed for divorce.

23      **ANSWER:**  Union Bank lacks knowledge or information sufficient to form a
24  belief about the truth of the allegations in Paragraph 12 of the Complaint, and on this basis
25  denies them.

26      13.     On or about September 22, 2014, prior to a final divorce, Jeffrey Loomis
27  filed for Chapter 11 Bankruptcy (it was later converted to a Chapter 7).

28

**ANSWER:**  On information and belief, Union Bank admits the allegations in Paragraph 13 of the Complaint.

14.     Jeffrey Loomis's Bankruptcy filing occurred one day before the family court was scheduled to mandate a sale of the Napa property to pay for over $200,000 in unpaid court-ordered spousal support to Plaintiff.  The Bankruptcy filing prevented the court ordered sale of the property.

**ANSWER:**  Union Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint, and on this basis denies them.

15.     On or about December 16, 2015, Plaintiff and Jeffrey Loomis received a final judgment of marriage dissolution.  The judgment stated in part that "The real property located at 65 Longhorn Ridge Road, Napa, California is confirmed to Husband *as his sole and separate property,* including any encumbrances thereon.  Husband shall indemnify and hold Wife harmless from any and all encumbrances, liens, abstracts of judgment, and debts of whatever kind, on said property."  Plaintiff signed a quitclaim deed of the property to Mr. Loomis on January 6, 2016.

**ANSWER:**  Union Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint, and on this basis denies them.

16.     Upon information and belief, the quitclaim deed was required by MUFG in order for Jeffrey Loomis to obtain a loan modification by himself.  Plaintiff understood that signing the quitclaim deed was consistent with the divorce decree since the property was now Jeffrey Loomis's "sole and separate property."

**ANSWER:**  Union Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint, and on this basis denies them.

17.     On or about May 4, 2016, Jeffrey Loomis's Chapter 7 Bankruptcy was discharged.

**ANSWER:**   Union Bank denies the allegations in Paragraph 17 of the Complaint, and, on information and belief, states that Mr. Loomis's discharge was an error that was vacated by the United States Bankruptcy Court for the Northern District of California on or around May 17, 2016.

18.     Due solely to Jeffrey Loomis's default of payments on the house only he legally owned (per the divorce decree and quitclaim deed), MUFG began reporting 180-day late payments to *Plaintiff's* Experian, Equifax, and TransUnion credit reports in or around May 2016.

**ANSWER:**   Union Bank denies the allegations in Paragraph 18 of the Complaint, and avers that it reported accurate information to credit reporting agencies.

19.     In or around 2016, Jeffery Loomis signed a loan modification, changing the terms of his obligations to Defendant on the mortgage.  Plaintiff was not aware of the modification, was not asked to sign the modification and did not provide any personal financial information to Defendant for the modified loan terms.

**ANSWER:**   Union Bank admits that it entered into a Loan Modification Agreement with Jeffrey D. Loomis in March 2017.  Union Bank denies the remaining allegations in Paragraph 19 of the Complaint.

20.     Upon information and belief, sometime after the modification was signed, Experian, Equifax, and TransUnion all listed derogatory payment history for the MUFG account, showing ten months of rolling 180-day late from May 2016 through March 2017 on Plaintiff's credit reports, although Plaintiff did not legally own the property and had not participated in the loan modification activities, nor had she signed *any* of the loan paperwork.  The modified loan is solely in the name of Jeffrey Loomis.

**ANSWER:**   Union Bank admits that it entered into a Loan Modification Agreement with Jeffrey D. Loomis in March 2017.   Union Bank otherwise lacks

knowledge or information sufficient to admit or deny the allegations of Paragraph 20 of the Complaint.

21.    Defendant did not force the sale of the home consistent with the due on sale clause in the mortgage upon Plaintiffs transfer of the property to Mr. Loomis.

**ANSWER:**   Union Bank denies that it was under an obligation to force a sale of the home, and therefore denies the allegations in Paragraph 21 of the Complaint.

22.    Instead, Defendant accepted the quitclaim deed removing Plaintiff from title, and then entered into a modified agreement with Mr. Loomis whose discharged bankruptcy eliminated his personal obligations on the mortgage.

**ANSWER:**   Union Bank admits that it entered into a Loan Modification Agreement with Jeffrey D. Loomis in March 2017.  Union Bank denies the remaining allegations in Paragraph 22 of the Complaint.

23.    In or around July 2016, Plaintiff moved to Arizona.  Due to the negative credit reporting from MUFG, Plaintiff could not qualify for an apartment and her brother was required to cosign for her so she could qualify for a place to live.

**ANSWER:**   Union Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint, and on this basis denies them.

24.    In or around July 2017, Plaintiff applied for a secured credit card and was denied due to the negative reporting by MUFG.

**ANSWER:**   Union Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint, and on this basis denies them.

25.    On or about February 22, 2018, Plaintiff sent dispute letters to all three national credit reporting agencies (Equifax, Experian, and Transunion) and MUFG stating that after her divorce she no longer legally owned the property, her name was not on the modified loan, and that she had never been in default.

1  **ANSWER:**  Union Bank lacks knowledge or information sufficient to form a
2  belief about the truth of the allegations in Paragraph 25 of the Complaint, and on this basis
3  denies them.

4  26.  Upon information and belief, Equifax, Experian, and Transunion forwarded
5  Plaintiff's dispute to MUFG, as required under 15 U.S.C. § 16810)(2).

6  **ANSWER:**  Union Bank lacks knowledge or information sufficient to form a
7  belief about the truth of the allegations in Paragraph 26 of the Complaint, and on this basis
8  denies them.

9  27.  In or around March 2018, Plaintiff had car trouble and needed a new car.
10  She was denied a car loan by at least six dealerships due to the negative reporting by
11  MUFG, before she was able to get approved for a used car, and that was only after she
12  paid 42% of the price as a down-payment.

13  **ANSWER:**  Union Bank lacks knowledge or information sufficient to form a
14  belief about the truth of the allegations in Paragraph 27 of the Complaint, and on this basis
15  denies them.

16  28.  On or about March 29, 2018, Equifax sent Plaintiff a letter informing her
17  that following its reinvestigation, Equifax would continue to report the MUFG tradeline as
18  a modified loan with ten months of late payments and balance owing of over $1,000,000.

19  **ANSWER:**  Union Bank lacks knowledge or information sufficient to form a
20  belief about the truth of the allegations in Paragraph 28 of the Complaint, and on this basis
21  denies them.

22  29.  On or about March 29, 2018, TransUnion sent Plaintiff a letter informing
23  her that following its reinvestigation, TransUnion would continue to report the MUFG
24  tradeline as a modified loan with ten months of late payments and balance owing of over
25  $1,000,000.

26  **ANSWER:**  Union Bank lacks knowledge or information sufficient to form a
27  belief about the truth of the allegations in Paragraph 29 of the Complaint, and on this basis
28  denies them.

30.     On or about April 13, 2018, MUFG sent Plaintiff a letter informing her that following its reinvestigation, MUFG would continue to report the MUFG tradeline to her credit reports as a modified loan with ten months of late payments and balance owing of over $1,000,000.

**ANSWER:**  Union Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint, and on this basis denies them.

31.     On or about May 4, 2018, Plaintiff *again* sent dispute letters to all three national credit reporting agencies (Equifax, Experian, and Transunion) and Defendant MUFG providing more details about the inaccuracies being reported and requesting their removal from her reports.

**ANSWER:**  Union Bank admits that in May 2018, Plaintiff contacted Union Bank asserting that certain information reported by Union Bank was inaccurate.  Union Bank otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint, and on this basis denies them.

32.     Upon information and belief, Equifax, Experian, and Transunion forwarded Plaintiff's dispute to MUFG, as required under 15 U.S.C. § 1681i(a)(2).

**ANSWER:**  Union Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint, and on this basis denies them.

33.     On or about May 24 and June 14, 2018, Equifax sent Plaintiff two letters informing her that following its reinvestigation, Equifax would not change its reporting.

**ANSWER:**  Union Bank lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint, and on this basis denies them.

34.     On or about June 14, 2018, Experian sent Plaintiff a letter informing her that following its reinvestigation, Experian would not change its reporting.

1   **ANSWER:** Union Bank lacks knowledge or information sufficient to form a

2   belief about the truth of the allegations in Paragraph 34 of the Complaint, and on this basis

3   denies them.

4   35.   On or about June 14, 2018, TransUnion sent Plaintiff a letter informing her

5   that following its reinvestigation, TransUnion would not change its reporting.

6   **ANSWER:** Union Bank lacks knowledge or information sufficient to form a

7   belief about the truth of the allegations in Paragraph 35 of the Complaint, and on this basis

8   denies them.

9   36.   MFUG's reporting of the above information is patently inaccurate because

10   MUFG voluntarily opted to modify its loan for Jeffrey Loomis's property without any

11   involvement or signatures by Plaintiff; thus MFUG waived its right to claim Plaintiff

12   defaulted on and modified the loan when MFUG is well aware that Plaintiff had no part in

13   seeking that loan, no longer had title to the property, and that Jeffrey Loomis was solely

14   responsible for the remaining $1,000,000 balance under the marriage dissolution

15   judgment.

16   **ANSWER:** Union Bank denies the allegations in Paragraph 36 of the Complaint.

17   37.   As a result of Defendant's conduct, Plaintiff has sustained actual damages

18   including but not limited to, embarrassment, anguish, and emotional and mental pain.

19   **ANSWER:** Union Bank denies the allegations in Paragraph 37 of the Complaint.

20   38.   The inaccurate reporting by Defendant has caused Plaintiff's credit file to be

21   severely damaged.

22   **ANSWER:** Union Bank denies the allegations in Paragraph 38 of the Complaint.

23   39.   Plaintiff has suffered damages because Plaintiff cannot obtain credit which

24   she needs, is unable to lease an apartment, and is unable to purchase a car at reasonable

25   rates.

26   **ANSWER:** Union Bank denies the allegations in Paragraph 39 of the Complaint.

27

28

DLA Piper LLP (US)
Phoenix

## COUNT I

### Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.*

40.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**   Answering the allegations in Paragraph 40 of the Complaint, Union Bank incorporates its responses to Paragraphs 1 through 39 as if restated herein.

41.     The FCRA requires a furnisher such as MUFG, either after receiving notice directly from the consumer or from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information.  The investigation involves (a) reviewing all relevant information, (b) reporting the results of the investigation to the credit reporting agency, and (c) if the investigation reveals that the information is incomplete or inaccurate, reporting those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

**ANSWER:**   Union Bank denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant MUFG failed to conduct a reasonable investigation following receipt of no less than **six** indirect disputes under 15 U.S.C. § 1681s-2(b) and **two** direct disputes under 15 U.S.C. § 1681s-2(a).

**ANSWER:**   Union Bank denies the allegations in Paragraph 42 of the Complaint.

43.     Defendant MUFG has willfully provided inaccurate information to Equifax, Experian, and Transunion.

**ANSWER:**   Union Bank denies the allegations in Paragraph 43 of the Complaint.

44.     Defendant's derogatory reporting of the MTJFG modified loan to Plaintiff's credit reports is patently inaccurate.

**ANSWER:**   Union Bank denies the allegations in Paragraph 44 of the Complaint.

45.     Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for

the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

**ANSWER:**  Union Bank denies the allegations in Paragraph 45 of the Complaint.

46.   As a result of the above-described violations Plaintiff has sustained damages including loss of the opportunities to obtain credit or better credit conditions, emotional distress, and mental and physical pain.

**ANSWER:**  Union Bank denies the allegations in Paragraph 46 of the Complaint.

47.   Defendant's violation of the FCRA was willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

**ANSWER:**  Union Bank denies the allegations in Paragraph 47 of the Complaint.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

**ANSWER:**  This Paragraph of the Complaint consists of Plaintiff's Jury Demand. To the extent a response is required, Union Bank denies that Plaintiff is entitled to a trial by jury on any issues.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Jennifer Loomis respectfully requests judgment be entered against Defendant for the following:

A.   Declaratory judgment that Defendant MUFG violated the FCRA;

B.   Actual damages pursuant to 15 U.S.C. § 168 ln(a);

C.   Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

D.   Punitive damages pursuant to 15 U.S.C. § 168 ln(a)(2);

E.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n(c) and 1681o(b);

F.   Awarding Plaintiff any pre-judgment and post judgment interest as may be allowed under the law; and

G.   Any other relief that this Court deems appropriate.

**ANSWER:** The remainder of the Complaint consists of Plaintiff's prayer for relief. To the extent a response is required, Union Bank denies that Plaintiff is entitled to any of the relief requested.

<u>**AFFIRMATIVE DEFENSES**</u>

Without prejudice to the denials of the allegations in the Complaint, Union Bank, without waiving Plaintiff's obligation to prove each and every element of its claims, states affirmative defenses as follows:

**FIRST AFFIRMATIVE DEFENSE (FAILURE TO STATE CLAIM)**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE (IMMUNITY)**

All claims against Union Bank are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

**THIRD AFFIRMATIVE DEFENSE (TRUTH/ACCURACY)**

All claims against Union Bank are barred because all information Union Bank communicated to any third person regarding Plaintiff was true.

**FOURTH AFFIRMATIVE DEFENSE (CAUSATION)**

Any alleged damages suffered by Plaintiff were the direct and proximate result of Plaintiff's own acts or omissions, or the direct and proximate result of acts or omissions of third persons over whom Union Bank had no responsibility or control, including without limitation credit reporting agencies.

**FIFTH AFFIRMATIVE DEFENSE**

**(LACK OF DAMAGES/FAILURE TO MITIGATE)**

Plaintiff has suffered no damages or failed to mitigate her damages.

**SIXTH AFFIRMATIVE DEFENSE (LACHES)**

The claim for relief set forth in the Complaint is barred by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**
**(CONTRIBUTORY/COMPARATIVE FAULT)**

Any damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff herself, and resulted from Plaintiff's own negligence, which equaled or exceeded any negligence or wrongdoing by Union Bank.

**EIGHTH AFFIRMATIVE DEFENSE (ESTOPPEL)**

Any damages which Plaintiff may have suffered were the result of the conduct of Plaintiff. Plaintiff is therefore estopped and barred from recovery of any damages.

**NINTH AFFIRMATIVE DEFENSE (STATUTE OF LIMITATIONS)**

The Complaint is barred, in whole or in part, by the applicable statute of limitations, including without limitation 15 U.S.C. § 1681p.

**TENTH AFFIRMATIVE DEFENSE (INDEPENDENT CAUSE)**

If Plaintiff sustained any of the injuries alleged in the Complaint, there was an independent, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Union Bank was not a proximate cause of the alleged injuries.

**ELEVENTH AFFIRMATIVE DEFENSE (WAIVER)**

Plaintiff's claim is barred, in whole or in part, by the doctrine of waiver.

**TWELTH AFFIRMATIVE DEFENSE (COMPLIANCE)**

Union Bank complied with all applicable provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

**THIRTEENTH AFFIRMATIVE DEFENSE (STANDING)**

Plaintiff lacks standing to sue under Article III of the United States Constitution.

**FOURTEENTH AFFIRMATIVE DEFENSE (PERSONAL JURISDICTION)**

Union Bank is not subject to general jurisdiction or specific jurisdiction in Arizona.

**FIFTEENTH AFFIRMATIVE DEFENSE (LACK OF WILLFULNESS)**

To the extent Plaintiff claims Union Bank willfully violated the FCRA, which Union Bank denies, any violation was not willful because Union Bank's interpretation of the FCRA was not objectively unreasonable.  *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 (2007).

**SIXTEENTH AFFIRMATIVE DEFENSE (PRIVATE LITIGANT)**

Plaintiff's claims are barred in whole or in part because a private litigant is not entitled to declaratory relief, as Plaintiff seeks here.

**SEVENTEENTH AFFIRMATIVE DEFENSE (EQUITABLE DEFENSES)**

Union Bank affirmatively raises and reserves all applicable equitable defenses, including, but not limited to, unclean hands.

**RIGHT TO ASSERT ADDITIONAL DEFENSES**

Union Bank reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, having stated its Answer and Affirmative Defenses, Defendant Union Bank respectfully requests that the Court:

(1)     Dismiss the Complaint in its entirety with prejudice;

(2)     Award Union Bank its reasonable attorneys' fees and costs incurred to defend the claims in this action as permitted by law or equity; and

(3)     Award Union Bank such other and further relief as the Court deems just and proper.

1

2    Dated:  October 12, 2018.             **DLA PIPER LLP (US)**

3

4                                         By:  *s/ Kate Benveniste*
                                               LAURA SIXKILLER, Bar No. 022014
5                                              laura.sixkiller@dlapiper.com
                                               Kate Benveniste, Bar No. 027284
6                                              kate.benveniste@dlapiper.com
                                               **DLA PIPER LLP (US)**
7                                              2525 East Camelback Road, Suite 1000
                                               Phoenix, Arizona  85016-4232
8                                              Telephone: (480) 606-5100
                                               Facsimile:  (480) 606-5101

9
                                               *Attorneys for Defendant*
10                                             *MUFG Americas Holdings Corporation*
                                               *d/b/a MUFG Union Bank, NA*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2018, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David Chami, Esq.
Price Law Group, APC
8245 North 85th Way
Scottsdale, Arizona 85258
Telephone: (818) 600-5515
Facsimile:  (866) 401-1457
david@pricelawgroup.com

*Attorneys for Plaintiff Jennifer Loomis*

By: *s/ Stephanie Havell*